FILED
MAY 2 3 2024
CLERK, U.S. DISTRICT COURT
NORFOLK, VA

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) |
| | ) Criminal No. 2:24-mj-87 |
| TRAMAINE WALDELL RIDDICK | ) |
| and | ) |
| JOHNATHAN DOMINIQUE NORFLEET | ) |
| | ) |
| Defendants. | ) |

AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT AND ARREST WARRANT

Your affiant, Edward F. Winkelspecht, III, does swear and affirm the following to be true and accurate to the best of my knowledge and belief:

## INTRODUCTION AND AGENT BACKGROUND

1. I am a Special Agent for the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF) and have served in that capacity since January 4, 2009. I am currently assigned to the Norfolk Field Office and charged with investigating violations of federal firearms, explosives, and arson laws. I am a graduate of both the Criminal Investigator Training Program and the ATF National Academy. At the ATF National Academy, I received special training in alcohol, tobacco, firearms, arson, explosives, and narcotic related crimes.

2. Prior to becoming a Special Agent with ATF, I was a Chesapeake Police Officer in the Commonwealth of Virginia from 1998 until 2008. As a law enforcement officer, I investigated numerous crimes involving firearms and narcotics. These investigations required me to apply for search and arrest warrants in federal and state court. From April of 2008 to December of 2008, I was assigned to the Drug Enforcement Administration (DEA) as a Task Force Officer and investigated numerous drug and firearm violations in that capacity as well.

1

3. This affidavit is submitted in support of a criminal complaint charging TRAMAINE WALDELL RIDDICK ("RIDDICK") with distribution of 10 grams or more of a mixture and substance containing a detectable amount of para-fluorofentanyl (a schedule I controlled substance) and fentanyl (a Schedule II controlled substance), in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(B), possessing, using, and carrying a firearm in furtherance of, and during and in relation to a drug trafficking crime, in violation of Title 18, United States Code, Section 924(c)(1)(A), and felon in possession of a firearm, in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(8) and JOHNATHAN DOMINIQUE NORFLEET ("NORFLEET") with assault with a dangerous weapon of a person in possession of money property of the United States with intent to rob the person of such money and property, in violation of Title 18, United States Code, Section 2114(a), brandishing a firearm during and in relation to a crime of violence, in violation of Title 18, United States Code, Section 924(c), and felon in possession of a firearm, in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(8). This affidavit is also submitted in support of an arrest warrant.

4. The facts and information contained in this affidavit are based upon my training and experience, participation in firearms and narcotics investigations, personal knowledge and observations during this investigation, as well as the observations of other law enforcement officers involved in this investigation. All observations not personally made by me were relayed to me by the individuals who made them or were conveyed to me by my review of records, documents, and other physical evidence obtained during this investigation.

5. During this investigation, ATF Confidential Sources ("CS1" and "CS2") were utilized to provide information and conduct controlled purchases of firearms and narcotics. CS1 and CS2 have provided true and accurate information in the past that has led to the arrests and

convictions of numerous individuals and seizure of firearms, narcotics and U.S. currency in both state and federal court. This affidavit is being submitted for the limited purpose of obtaining a criminal complaint and arrest warrant. I have set forth only those facts that I believe to be necessary to establish probable cause for the charges described below and have not included each and every fact and matter observed by me or known to the Government.

## FACTS SUPPORTING PROBABLE CAUSE

6. In December of 2023, the Bureau of Alcohol, Tobacco, and Firearms and Explosives (ATF) and the Chesapeake Police Department (CPD) started a joint investigation into RIDDICK who was identified as a source of supply (SOS) for firearms and narcotics in the Hampton Roads area. ATF Confidential Sources (CS1 and CS2) met RIDDICK and learned he was involved in the distribution of firearms, cocaine base, marijuana, and heroin. Over the next couple months, CS1 and CS2 conducted numerous controlled purchases from RIDDICK and his associate who was identified as NORFLEET. During each controlled purchase, CS1 and CS2 were searched before and after and found free of contraband. CS1 and CS2 were provided recording devices to record the transactions and provided government funds to complete the purchases.

7. On December 28, 2023, CS1 and CS2 arranged a controlled purchase of an AK47 rifle and 3.5 grams of heroin for $1,500.00. CS1 and CS2 contacted RIDDICK and arranged to complete the purchase at RIDDICK's residence. CS1 and CS2 arrived at RIDDICK's known residence located at 4*** E. Princess Anne Road, Apt. 3, Norfolk, Virginia, in the Eastern District of Virginia, and met with RIDDICK. While CS1 and CS2 were present to purchase the rifle, RIDDICK provided marijuana to another individual. CS1 and CS2 completed the purchase of a 7.62x39 caliber Inter Ordnance AK47-C, SN: 010837 rifle with 30 round magazine and

ammunition for $1,200.00. CS1 provided an additional $300.00 for the heroin. RIDDICK advised that he did not have the heroin at his residence and indicated he would have to go and meet with his SOS to obtain it. Surveillance followed RIDDICK to the Huntersville section of Norfolk where RIDDICK parked his vehicle and exited. RIDDICK went to an unknown apartment and then returned to his vehicle a short time later. RIDDICK contacted CS1 and CS2 and arranged to meet them at 1*** Park Avenue, Norfolk, Virginia. CS1 and CS2 met with RIDDICK and obtained the suspected heroin.

8. Once the purchase was completed, CS1 and CS2 met with the investigative team and turned over all evidence and recording devices. The suspected heroin was sent to the Department of Forensic Science for analysis and found to weigh 4.44 grams and tested positive for heroin, para-fluorofentanyl, and fentanyl.

9. On January 2, 2024, CS1 and CS2 arranged a controlled purchase of an ounce of heroin for $2,300.00. CS1 and CS2 contacted RIDDICK and arranged to meet at 1*** Park Avenue, Norfolk, Virginia. CS1 and CS2 met with RIDDICK, RIDDICK received a call and then had CS1 and CS2 follow him to the Tinee Giant located at 2*** E. Princess Anne Road (across the street). Once they arrived, RIDDICK walked over to a black Infiniti bearing Virginia tags and interacted with the occupant before walking back over to CS1 and CS2. RIDDICK entered their vehicle and sold one (1) ounce of heroin for $2,300.00.

10. Once the purchase was completed, CS1 and CS2 met with the investigative team and turned over all evidence and recording devices. The suspected heroin was sent to the Department of Forensic Science for analysis and found to weigh 29.95 grams and tested positive for heroin, para-fluorofentanyl, and fentanyl.

11. On January 9, 2024, CS1 and CS2 arranged a controlled purchase of a 1/2 ounce of heroin for $1,200.00 and a firearm for $600.00. CS1 and CS2 contacted RIDDICK and arranged to meet at the Family Dollar located at 2*** E. Princess Anne Road, Norfolk, Virginia. During the call, RIDDICK advised he had the firearm and was going to get the heroin. Surveillance followed RIDDICK from his residence to the Huntersville area of Norfolk but lost him. RIDDICK contacted CS1 and CS2 a short time after and advised he was on his way. RIDDICK arrived a short time later and parked in the area. RIDDICK walked over and entered their vehicle and sold a 1/2 ounce of heroin and a 9mm Ruger pistol, Model: EC9S, SN: 455-47730 with magazine and 5 rounds of ammunition for $1,800.00.

12. Once the purchase was completed, CS1 and CS2 met with the investigative team and turned over all evidence and recording devices. The suspected heroin was sent to the Department of Forensic Science for analysis and found to weigh 14.67 grams and tested positive for heroin, para-fluorofentanyl, and fentanyl.

13. On January 23, 2024, CS1 and CS2 arranged a controlled purchase of an SKS rifle $1,300.00 and a ¼ ounce of heroin for $600.00. CS1 and CS2 contacted RIDDICK and arranged to meet at the Family Dollar located at 2*** E. Princess Anne Road, Norfolk, Virginia. Surveillance followed RIDDICK to the Huntersville area of Norfolk for a short period of time and then was followed to the Family Dollar. RIDDICK entered their vehicle and directed them to drive around the corner. RIDDICK advised that he had the heroin and pulled it out of his pocket. RIDDICK further advised they were going to see the person he deals with that has guns. RIDDICK directed CS-1 to drive to 1*** Lead St, Norfolk, Virginia. Once they parked, RIDDICK sold the ¼ ounce of heroin for $600.00.

14. After a short period of time, a black male (later identified as NORFLEET) appeared on foot and came to the vehicle. NORFLEET had RIDDICK go up-stairs with him while they instructed CS-1 to park closer to the building. RIDDICK advised CS1 and CS2 that NORFLEET had two (2) SKS rifles. RIDDICK and NORFLEET went to an apartment on the third floor at 1*** Lead Street. A short time later, RIDDICK returned with a 7.62 caliber Norinco SKS rifle, SN: 18020379K and a 30-round magazine which was stuffed down one of his pants legs. RIDDICK removed the rifle and sold it for a total of $1,290.00.

15. Once the purchase was completed, CS1 and CS2 met with the investigative team and turned over all evidence and recording devices. The suspected heroin was sent to the Department of Forensic Science for analysis and found to weigh 8.28 grams and tested positive for fentanyl and xylazine.

16. On February 16, 2024, CS1 and CS2 arranged a controlled purchase of two (2) to three (3) firearms and 3.5 grams of heroin. RIDDICK advised he had the SKS rifle and a Glock 17 for sale. CS1 and CS2 agreed to meet at the Family Dollar located at 2*** E. Princess Anne Road, Norfolk, Virginia. RIDDICK was followed from his residence to the Tinee Giant located next to the Family Dollar. Meanwhile, in anticipation NORFLEET would be the SOS for the SKS rifle, stationary surveillance observed NORFLEET on the third floor of 1*** Lead Street. A short time later, NORFLEET was observed entering RIDDICK's vehicle at the Tinee Giant. RIDDICK and NORFLEET drove to 1*** Lead Street. NORFLEET exited the vehicle and went to the third floor for a short period of time before returning with a bag and placing it in RIDDICK's trunk. RIDDICK and NORFLEET left the area of Lead St at this time. CS1 and CS2 spoke with RIDDICK who advised was going to get the "food" which is a slang term for heroin. RIDDICK

was followed around the corner to a residence before arriving at the Family Dollar and meeting with CS1 and CS2.

17. RIDDICK entered their vehicle and sold an 8 ball (3.5 grams) of heroin and a 9mm Glock pistol, Model: 17GEN5, SN: BPPU215 with magazine and ammunition for $1,100.00. After the purchase, RIDDICK opened the trunk of his vehicle and CS1 and CS2 viewed the SKS rifle that was in a bag. RIDDICK and CS1 and CS2 obtained the firearm from the trunk of RIDDICK's vehicle and reentered CS1 and CS2's vehicle. CS-1 provided RIDDICK with $1,200.00 for the 7.62 caliber Norinco SKS rifle, SN: 26001449 with 30 round magazine and ammunition. During the purchase, RIDDICK reached out the window and provided $800.00 to NORFLEET who was sitting in RIDDICK's vehicle. RIDDICK continued to count and kept $400.00. After purchasing the SKS, RIDDICK exited their vehicle and NORFLEET entered CS1 and CS2's vehicle. NORFLEET offered to sell CS1 a firearm for $750.00. CS-1 purchased a .45 caliber HS Produkt, Model: XDM, SN: MG646765 with magazine and ammunition. NORFLEET advised he had an extended magazine to go with the firearm. CS1 and CS2 followed RIDDICK and NORFLEET back to 1*** Lead Street. NORFLEET went back up to the third floor and returned with an extended magazine for the firearm and provided it to CS1. CS1 and CS2 started to leave the area and called RIDDICK advising him they still had money left to purchase another firearm. RIDDICK advised they would need 15 minutes to get the other firearm and agreed to meet back at the Family Dollar.

18. The investigative team met with CS1 and CS2 and recovered the suspected heroin, three (3) firearms, magazines, and ammunition purchased. CS1 and CS2 retained the recording devices and government funds to complete the last purchase of the firearm from NORFLEET when they returned.

19. Mobile surveillance followed RIDDICK and NORFLEET to the area of 8** Lexington Street, Norfolk, Virginia. Surveillance was not able to see NORFLEET exit the vehicle but saw him emerge from the area of 8** Lexington St. and enter RIDDICK's vehicle a short time after arriving. CS1 and CS2 spoke with RIDDICK who advised that he was on his way back. RIDDICK and NORFLEET arrived at the Family Dollar. NORFLEET approached the driver's side window and sold a .38 Iver Johnson revolver, Model: 38, SN: 46079 for $350.00 with ammunition.

20. Once the purchase of the fourth firearm was completed, CS1 and CS2 met with the investigative team and turned over all evidence and recording devices. The suspected heroin was sent to the Department of Forensic Science for analysis and found to weigh 4.45 grams and tested positive for fentanyl.

21. I conducted a check with the National Crime Information Center (NCIC) and found the .45 caliber HS Produkt, Model: XDM, SN: MG646765 had been reported stolen on July 31, 2021.

22. During the investigation, CS1 and CS2 obtained NORFLEET's phone number (948-212-XXXX) and started purchasing firearms directly from NORFLEET. On February 29, 2024, CS1 and CS2 arranged a controlled purchase of two (2) firearms from NORFLEET. CS1 and CS2 arranged to meet with NORFLEET at 1*** Lead Street. Once CS1 and CS2 arrived, NORFLEET came down from the third floor and met with them. NORFLEET sold a .380 Bersa pistol, Model: Thunder 380, SN: 612168 for $500.00 and a .45 caliber Taurus Model: PT145, SN: NAW65823 for $800.00.

23. Once the purchase was completed, CS1 and CS2 met with the investigative team and turned over all evidence and recording devices.

24. During the month of March 2024, CS1 and CS2 was in communication with NORFLEET who advised had numerous firearms for sale. On March 28, 2024, CS1 and CS2 arranged to purchase five (5) pistols, two (2) rifles, and a Glock Switch (machine gun conversion device) for a total of $5,250.00. NORFLEET directed CS1 and CS2 to come 5** Timothy Avenue, Norfolk, Virginia to complete the transaction. CS1 and CS2 arrived at the location and met with NORFLEET out front of the residence.

25. During the conversation, NORFLEET advised that he only wanted CS1 to come because it was his mother's house, indicating the purchase would occur inside a residence. CS1 agreed to do so and exited the vehicle to complete the transaction. NORFLEET led CS1 around to the rear of 5** Timothy Avenue at which time CS1 observed a black and white duffle bag on the ground and a shotgun style firearm next to it. NORFLEET picked up the firearm and robbed CS1 of the government funds. NORFLEET demanded the money and told CS1 to strip as he started to search CS1. CS1 begged for NORFLEET not to hurt him and threw the money and ran from the scene. The investigative team responded but NORFLEET had fled the area before their arrival. CS1 was equipped with a recording device and recorded the robbery of government funds.

26. On March 28, 2024, I submitted a request for funds through an ATF process to complete the controlled purchase of firearms from NORFLEET. That request was granted, and a Supervising ATF Special Agent issued the funds. I then issued the funds to CS1 to complete the purchase which were stolen.

27. I reviewed the video of the robbery and found the firearm to have a unique look to it. I researched the characteristics of the firearm used during the robbery and found the firearm to be consistent with being a 12-gauge semiautomatic shotgun made by Standard Manufacturing, Model: SKO SHORTY.

28. In April of 2024, CPD obtained search warrants for locations associated to the investigation, specifically, RIDDICK's residence located at 4*** E. Princess Anne Road, Apt. 3, Norfolk, Virginia and an address associated with NORFLEET located at 1*** Lead St. Apt. J, Norfolk, Virginia.

29. On April 9, 2024, members of ATF, CPD and the Norfolk Police Department (NPD) executed a search warrant at 4*** E. Princess Anne Road, Apt. 3, Norfolk, Virginia and recovered the following:

   a. 12 GA Black Aces Tactical shotgun, SN: 20-PSM14198
   b. 9mm SCCY pistol, Model: CPX-1, SN: C229742
   c. 40 caliber Glock, Model 23, SN: BTSK098
   d. 9mm PMF (Personally made firearm)
   e. Ammunition
   f. Suspected narcotics (pending laboratory analysis)
   g. Drug paraphernalia consistent with distribution (baggies, scales, suspected cut, empty clear capsules, measuring cup with residue)

30. Also on April 9, 2024, members of ATF, CPD, and NPD executed a search warrant at 1*** Lead St. Apt. J, Norfolk, Virginia and recovered the following:

   a. Two (2) boxes of ammunition (7.62x39 X-Force rifle ammunition and .45 caliber Fiocchi ammunition)
   b. Numerous documents in the name of JOHNATHAN NORFLEET

31. Review of laboratory reports from the Department of Forensic Science to date total 49.06 grams of a mixture of heroin, fentanyl, and para-fluorofentanyl. Additional reports were positive for fentanyl or a mixture of fentanyl and xylazine for a total of 12.73 grams.

32. I conducted a criminal history check and reviewed RIDDICK's Virginia Criminal Record. I found RIDDICK has nine (9) prior felony convictions and is prohibited from possessing firearms.

33. I conducted a criminal history check and reviewed NORFLEET's Virginia Criminal Record. I found NORFLEET has five (5) prior felony convictions and is prohibited from possessing firearms.

34. I conducted a check with the Commonwealth of Virginia Executive Department and found that on March 16, 2021, RIDDICK had his civil rights restored. However, the notification specifically states that it does not give RIDDICK the right to ship, transport, possess or receive firearms.

35. I conducted a check with the Commonwealth of Virginia Executive Department and found that on March 16, 2021, NORFLEET had his civil rights restored. However, the notification specifically states that it does not give NORFLEET the right to ship, transport, possess or receive firearms.

36. I conducted a checked of the restoration of firearm rights with the Norfolk Circuit Court and Portsmouth Circuit Court as this is the jurisdictions in which RIDDICK was convicted and is known to reside. I found RIDDICK has not had his firearm rights restored.

37. I conducted a checked of the restoration of firearm rights with the Norfolk Circuit Court as this is the jurisdiction in which NORFLEET was convicted and is known to reside. I found NORFLEET has not had his firearm rights restored.

38. Research was completed on the above-listed firearms and all identified firearms were found to have been manufactured outside the Commonwealth of Virginia. Therefore, each firearm affected interstate and/or foreign commerce.

## CONCLUSION

39. Based on the foregoing, I submit that there is probable cause to believe that on or about January 2, 2024, in the Eastern District of Virginia, TRAMAINE WALDELL RIDDICK, did knowingly distribute more than 10 grams of a mixture and substance containing a detectable amount of para-fluorofentanyl, an analogue of fentanyl and a Schedule I controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(B).

40. I submit that there is probable cause to believe that on or about January 9, 2024, in the Eastern District of Virginia, TRAMAINE WALDELL RIDDICK, did knowingly distribute more than 10 grams of a mixture and substance containing a detectable amount of para-fluorofentanyl, an analogue of fentanyl and a schedule I controlled substance, and fentanyl, a schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(B).

41. I submit that there is probable cause to believe that on or about January 9, 2024, in the Eastern District of Virginia, TRAMAINE WALDELL RIDDICK, did knowingly possess a firearm, a 9mm Ruger EC9S, SN: 455-47730, in furtherance of, and during and in relation to, a drug trafficking crime for which he may be prosecuted in the United States, namely distribution of 10 grams or more of a mixture and substance containing a detectable amount of para-fluorofentanyl, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(B), in violation of Title 18, United States Code, Section 924(c)(1)(A).

42. I submit that there is probable cause to believe that on or about January 9, 2024, in the Eastern District of Virginia, TRAMAINE WALDELL RIDDICK, knowing that he had been previously convicted of a crime punishable by a term exceeding one year, did knowingly and intentionally possess a firearm and firearms, to wit: 9mm Ruger EC9S, SN: 455-47730, having

previously been shipped and transported in interstate and foreign commerce, in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(8).

43. I submit that there is probable cause to believe that on or about March 28, 2024, in the Eastern District of Virginia, JOHNATHAN DOMINIQUE NORFLEET, committed assault with a dangerous weapon of a person in possession of money property of the United States with intent to rob the person of such money and property, in violation of Title 18, United States Code, Sections 2114(a).

44. I submit that there is probable cause to believe that on or about March 28, 2024, in the Eastern District of Virginia, JOHNATHAN DOMINIQUE NORFLEET, did brandish a firearm during and in relation to a crime of violence for which he may be prosecuted in the United States, namely, assault with a dangerous weapon of a person in possession of money property of the United States with intent to rob the person of such money and property, in violation of Title 18, United States Code, Sections 2114(a), in violation of Title 18, United States Code, Section 924(c)(1)(A).

45. I submit that there is probable cause to believe that on or about February 16, 2024, in the Eastern District of Virginia, JOHNATHAN DOMINIQUE NORFLEET, knowing that he had been previously convicted of a crime punishable by a term exceeding one year, did knowingly and intentionally possess a firearm and firearms, to wit: .45 caliber HS Produkt, Model: XDM, SN: MG646765, having previously been shipped and transported in interstate and foreign commerce, in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(8).

46. I further request that the Court authorize issuance of an arrest warrant for TRAMAINE WALDELL RIDDICK and JOHNATHAN DOMINIQUE NORFLEET for these offenses.

Further your affiant sayeth naught.

_____
Edward F. Winkelspecht, III, Special Agent
Bureau of Alcohol, Tobacco, and Firearms (ATF)

Sworn and subscribed to before me this **23rd** day of May 2024.

_____
UNITED STATES MAGISTRATE JUDGE

Read and Reviewed:

_____
Graham M. Stolle
Special Assistant United States Attorney